UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **AMERICAN UNIVERSITY**<br>4400 Massachusetts Ave., N.W.<br>Washington, D.C. 20016<br><br>                       **Plaintiff,**<br>v.<br><br>**SPORTEXE CONSTRUCTION SERVICES, INC.,**<br>1 Chisholm Trail<br>Old Town Square, Suite 400<br>Round Rock, Texas 78681<br><br>   SERVE: Capitol Corporate Services, Inc., 800 Brazos St., Suite 400, Austin, Texas 78701<br><br>**INSIGHT EQUITY HOLDINGS, LLC**<br>1400 Civic Place, Suite 250<br>Southlake, Texas 76092<br><br>   SERVE: Robert J. Conner, 1400 Civic Place, Suite 250, Southlake, Texas 76092<br><br>**INSIGHT EQUITY HOLDINGS I, LLC**<br>1400 Civic Place, Suite 250<br>Southlake, Texas 76092<br><br>   SERVE: Robert J. Conner, 1400 Civic Place, Suite 250, Southlake, Texas 76092<br><br>and **EVERGREEN NATIONAL INDEMNITY COMPANY,**<br>6140 Parkland Blvd., Suite 321, Mayfield Heights, Ohio 44124<br><br>   SERVE: Anne L. Meyers, 28601 Chagrin Blvd., Suite 500, Cleveland, Ohio 44122<br><br>                       **Defendants.** | Civil Action No.:_____ |

## COMPLAINT

**COMES NOW** the Plaintiff, American University ("AU"), by and through its counsel of record Womble Carlyle Sandridge & Rice PLLC, and hereby files this Complaint against Defendants Sportexe Construction Services, Inc., Insight Equity Holdings LLC, Insight Equity Holdings I, LLC, its successors in interest, (collectively "Sportexe"), and Evergreen National Indemnity Company ("Evergreen"), and for its causes of action states as follows:

## INTRODUCTION

1. This is an action by AU for breach of contract, negligence, breach of warranty, and breach of a performance bond related to the services of Defendants in furtherance of the design and construction of a field hockey field known as the Jacobs Field Hockey Complex (the "Project").

2. AU entered into a contract with Sportexe on or about July 15, 2004 for the design and construction of the Project, defined below.

3. Sportexe breached its obligations under the Contract and performed the work in a negligent manner such that the Project is defective in many ways, set forth below. Sportexe's failures to perform have caused AU to incur damages.

4. When called upon by AU to remedy Sportexe's failures of performance, Evergreen failed to abide by the requirements of the applicable performance bond and consequently caused AU to incur damages.

5. AU seeks to recover the aforementioned damages and enforce its rights under the express and implied warranties as fully set forth herein.

## PARTIES

6. AU is an institution of higher learning in the District of Columbia, federally chartered by a special Act of Congress in 1893 (27 Stat. 476 as amended). It is expressly designated by Congress as a "sue and be sued" entity.

7. Sportexe is a Georgia corporation, with its principal place of business located at 1 Chisholm Trail, Old Town Square, Suite 400, Round Rock, Texas 78681. Sportexe designs, markets, distributes and sells synthetic turf products throughout the United States, including to customers within this judicial district.

8. Insight Equity Holdings, LLC is a Texas limited liability corporation with its principal place of business located at 1400 Civic Place, Suite 250, Southlake, Texas 76092-7641. Insight Equity Holdings, LLC is a private equity firm that, according to its website, "makes control investments in strategically strong, middle-market companies that have the potential for significant industry growth."

9. Insight Equity Holdings I, LLC is a limited liability corporation with its principal place of business located at 1400 Civic Place, Suite 250, Southlake, Texas 76092-7641.

10. Evergreen is an Ohio company with its principal place of business at 6140 Parkland Boulevard, Mayfield Heights, Ohio 44124. According to its website, Evergreen "focuses on specialty surety programs."

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2), in that complete diversity of citizenship exists between the Plaintiff and all Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3

12. Pursuant to 28 U.S.C. §1391 (a) & (c), venue is proper in this judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, the property that is the subject of the action is situated, and the Defendants reside.

## FACTUAL BACKGROUND

13. Insight Equity Holdings, LLC and Insight Equity Holdings I, LLC do business interchangeably under the name "Insight Equity Holdings," in the United States and will be referred to collectively as "Insight."

14. Upon information and belief, Insight Equity Holdings, LLC and Insight Equity Holding I, LLC are not operated as separate entities but instead integrate their resources to achieve a common purpose and operate under a common name without distinguishing between entities. Each is therefore liable for the acts and liabilities of the other.

15. Upon information and belief, in early 2007, Insight acquired Sportexe as a portfolio company and became the successor in interest to all of the assets and liabilities of Sportexe.

16. Sportexe and Insight are responsible for the acts and liabilities of the other.

17. Accordingly, Insight and Sportexe shall be collectively referred to as "Sportexe" for the purposes of this Complaint.

## THE CONTRACT

18. On or about July 15, 2004, AU and Sportexe entered into a "Standard Form of Agreement Between Owner and Contractor for a Small Project" (AIA A105 (1993)), which incorporated, *inter alia*, "General Conditions of the Contract for Construction of a Small Project" (AIA A205) and numerous other documents (collectively the "Contract").

19. The Contract also incorporated by reference, *inter alia*, the Project Manual dated May 26, 2004 (the "Project Manual"), the Bid Specifications dated May 26, 2004 (the "Specifications"), the Sportexe Bid submitted on or about June 10, 2004, as well as the Sportexe Revised Bid dated June 29, 2004.

20. The original Contract Sum was one-million three-hundred and seventy-one thousand seven-hundred and thirty five and no/dollars ($1,371,735.00). Two subsequent change orders increased the Contract Sum to one-million five-hundred seventy-six thousand eight-hundred and seven dollars and eighty-six cents ($1,576,807.86).

21. For the Contract Sum, Sportexe agreed to provide "...all engineering, labor, equipment, materials, supervision, and insurance necessary to complete all operations..." including topographical survey, design drawings, specifications and typical construction details for the turf profile (hereinafter "the Work").

22. Sportexe was required to accept the site on an unclassified basis except as otherwise provided in the Contract.

23. The Specifications provided requirements regarding excavation and filling the subgrade portion of the Work. In addition to compaction density and depth requirements related to the subgrade, the Specifications required that the subgrade contain a moisture content "of not less than 2 percent below and not more than 2 percent above the optimum moisture content." The Specifications also required certain standards for the subgrade, and for verification of the condition of the subgrade by Sportexe's independent inspection agency.

24. Sportexe was also required in accordance with the Contract to "[c]orrect settled and eroded areas within 1 year after the date of completion at no additional expense to Owner."

25. Upon information and belief, Sportexe subcontracted with Sports Construction Group ("SCG"), among other subcontractors to perform most of the Work.

## THE PERFORMANCE BOND

26. AU required and paid for Sportexe to provide a performance bond to secure Sportexe's performance on the Project. Sportexe supplied said bond through Evergreen.

27. Evergreen supplied Performance Bond No. 554142 (the "Bond").

## CONTRACTUAL WARRANTY

28. Pursuant to Section 9.2 of the Contract, Sportexe agreed that "[i]n addition to the Contractor's other obligations including warranties under the Contract, the Contractor shall, for a period of one year after Substantial Completion, correct work not conforming to the requirements of the Contract Documents" (the "Contractual Warranty").

## MANUFACURER'S LIMITED WARRANTY

29. In addition to the Contractual Warranty, on or about October 28, 2004, Sportexe provided a Manufacturer's Limited Warranty (the "Limited Warranty") for which Sportexe provided a guarantee against defects in workmanship with respect to Sportexe's products for a period of eight (8) years from the date of installation.

## CONSTRUCTION OF THE PROJECT

30. On information and belief, construction commenced on the Project after the issuance of the building permit by the District of Columbia on or about August 24, 2004.

31. On information and belief, Sportexe substantially completed the Work in connection with the Project in November 2005.

32. AU issued final payment for the Contract to Sportexe on or about December 19, 2005.

WCSR 3752329v11

33.  On or about April 10, 2006, AU notified Sportexe of problems with the field including, but not limited to, substantial and pervasive ripples on the field and exposed seams in the turf.

34.  In accordance with Section 3.5.2 of the General Conditions of the Contract, this notice was provided within the one (1) year Contractual Warranty and within the Manufacturer's eight (8) year Limited Warranty on the turf provided by Sportexe.

35.  On or about January 4, 2007, Sportexe's then President Mark Nichols visited the Project and acknowledged that overall the field was in poor condition and the problem lay in the failure of the subbase installed by Sportexe.

## THE EXPERT REPORT

36.  AU retained the services of DiGeronimo-Mikula Associates, LLC ("DMA") in the summer of 2006 to examine the problems with the Project.

37.  On completion of the investigation, DMA determined that there were two (2) primary areas of concern: 1) the subbase and 2) the stone material that Sportexe specified to be included in the subbase.

38.  DMA provided a number of repair recommendations. While DMA acknowledged that a spot repair program could be attempted, DMA determined that such an approach would not repair the field entirely.

39.  DMA concluded that a permanent repair would require replacement and/or restabilization of the field.

40.  After DMA reached its conclusions, Sportexe requested the opportunity to attempt various efforts at spot repair of the field. In the Spring of 2007, Sportexe's then President, Mark Nichols, acknowledging Sportexe's responsibility for the problems, advised AU that Sportexe

would correct or replace the defective field. Those efforts continued through July 2007, but all parties agreed that the spot repairs were ineffective and the field remains uncorrected. According to an October 1, 2007 press release, Mark Nichols has been replaced as company president.

41. AU has determined that in order to obtain a field like the one that Sportexe agreed but failed to provide under the terms of the Contract, the approximate cost, which has yet to be finally determined, will likely exceed One Million Dollars ($1,000,000.00).

## DEFAULT

42. By letter dated April 3, 2007 (the "1st Notice of Default"), AU formally notified Sportexe and Evergreen of Sportexe's default under the Contract based on the defective condition of the field, and demanded that Sportexe remedy its default.

43. On May 17 and June 21, 2007, Sportexe attempted to determine whether a method short of total replacement could adequately correct the defects in the field, however, those efforts failed.

44. On or about July 6, 2007, AU sent a letter to Mark Nichols, then President of Sportexe, providing notice to both Sportexe and Evergreen that Sportexe's default remained uncured and demanded that Sportexe cure its default by August 15, 2007.

45. Sportexe failed to comply with AU's demands to cure its default by August 15, 2007.

46. By letter dated August 31, 2007, AU sent its 2nd Notice of Default to Sportexe and to Evergreen again demanding that Evergreen undertake to perform its obligations under the Bond and to remedy the default of Evergreen's Principal, Sportexe.

47. To date, neither Sportexe nor Evergreen has taken any steps to cure Sportexe's failure to perform the Contract.

WCSR 3752329v11

48. As a direct, proximate and foreseeable consequence of Sportexe's failure to cure its default and reconstruct the field, AU has incurred and will continue to incur damages, yet to be finally determined, but believed to be in excess of One Million Dollars ($1,000,000.00).

## COUNT I
### (Breach of Contract against Sportexe)

49. All allegations stated above are incorporated herein by reference.

50. Sportexe breached the Contract by failing to construct the Project pursuant to the plans and Specifications as required under the terms of the Contract and by failing to correct the defective Work once notified of such defective Work as required by the Contract.

51. As a direct, proximate and foreseeable consequence of the breach of contract committed by Sportexe, AU has been damaged and continues to be damaged in amounts yet to be finally determined, but believed to be in excess of One Million Dollars ($1,000,000.00), exclusive of interest and costs.

## COUNT II
### (Negligence Against Sportexe)

52. All allegations stated above are incorporated herein by reference.

53. Sportexe owed AU a duty of reasonable care and competence in the performance of all of the services it provided to AU in the construction of the Project. These services include, without limitation, design and engineering for the Project.

54. Sportexe breached said duty and was negligent insofar as it did not exercise the reasonable care and competence of a contractor in like or similar circumstances in the performance of the design, engineering and construction services it provided to AU for the Project.

55. As a direct, proximate and foreseeable consequence of the negligent performance of Sportexe, AU has been and continues to be damaged in amounts yet to be finally determined, but believed to be in excess of One Million Dollars ($1,000,000.00), exclusive of interest and costs.

## COUNT III
### (Negligent Supervision Against Sportexe)

56. All allegations stated above are incorporated herein by reference.

57. As the general contractor charged with providing all of the design, engineering and construction services on the Project, Sportexe owed Plaintiff a duty to supervise all of the subcontractors and other persons providing design and construction services on the Project.

58. Sportexe breached its duty to provide competent supervision of the design, engineering and construction services it provided to AU.

59. As a direct, proximate and foreseeable consequence of the negligent supervision of the performance of design, engineering and construction services, AU has been and continues to be damaged in amounts yet to be finally determined, but believed to be in excess of One Million Dollars ($1,000,000.00), exclusive of interest and costs.

## COUNT IV
### (Breach of Express Warranty Against Sportexe)

60. All allegations stated above are incorporated herein by reference.

61. Sportexe expressly provided to AU a one (1) year Contractual Warranty for the construction of the field and a Manufacturer's eight (8) year Limited Warranty on the turf itself.

62. AU notified Sportexe of the construction defects of the Project within the one (1) year Contractual Warranty and the eight (8) year Limited Warranty timeframe.

WCSR 3752329v11

63.  Despite such timely notification, Sportexe breached the express terms of the Contractual Warranty and the Limited Warranty by failing to correct the construction defects of the Project.

64.  As a direct, proximate and foreseeable consequence of Sportexe's failure to correct the construction defects of the Field and its breach of both the Contractual and Limited Warranties, AU has been and continues to be damaged in amounts yet to be finally determined, but believed to be in excess of One Million Dollars ($1,000,000.00), exclusive of interest and costs.

## COUNT V

### (Breach of Implied Warranty Against Sportexe)

65.  All allegations stated above are incorporated herein by reference.

66.  At the time Sportexe and AU entered into the Contract, Sportexe knew that it was responsible to lay and construct the turf for the Project.

67.  Sportexe provided an implied warranty that the manner in which the turf was laid and constructed was sufficient for the Project's intended purpose.

68.  Sportexe breached its implied warranty by failing to lay and construct the turf in a sufficient manner for the Project's intended purpose.

69.  As a direct, proximate and foreseeable consequence of Sportexe's breach of the implied warranty, AU has been and continues to be damaged in amounts yet to be finally determined, but believed to be in excess of One Million Dollars ($1,000,000.00), exclusive of interest and costs.

## COUNT VI
### (Breach of Contract Against Evergreen)

70. All allegations stated above are incorporated herein by reference.

71. Evergreen issued a Bond whereby Sportexe agreed, among other items, to ensure the performance of all aspects of the Contract.

72. Sportexe and Evergreen were timely informed of SCG's failure to provide acceptable performance of the Contract requirements.

73. Despite timely notice of Sportexe's aforementioned failure to perform its obligations under the Contract, Evergreen has knowingly, willfully, and intentionally failed and refused to perform its duties under the Bond.

74. AU has fully performed all conditions required of it in order to receive the benefits of the Bond.

75. As a direct, proximate and foreseeable result of Evergreen's breach of the Bond, AU has been and continues to be damaged in amounts yet to be finally determined, but believed to be in excess of One Million Dollars ($1,000,000.00), exclusive of interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, AU requests entry of judgment in its favor and against Defendants Sportexe Construction Services, Inc., Insight Equity Holdings, LLC, Insight Equity Holdings I, LLC, and Evergreen National Indemnity Company as follows:

1. On Count I for breach of contract, for all damages flowing from said breach, and all costs and damages arising from Sportexe's work, and all costs and expenses, including attorneys' fees incurred litigating this action;

2. On Count II for negligence, for all damages flowing from said negligence, and all costs and damages arising from Sportexe's work, and all costs and expenses, including attorneys' fees incurred litigating this action;

3. On Count III for negligent supervision, for all damages flowing from said negligent supervision, and all costs and damages arising from Sportexe's work, and all costs and expenses, including attorneys' fees incurred litigating this action;

4. On Count IV for breach of express warranty, for all damages flowing from said breach, and all costs and damages arising from Sportexe's work, and all costs and expenses, including attorneys' fees incurred litigating this action;

5. On Count V for breach of implied warranty, for all damages flowing from said breach, and all costs and damages arising from Sportexe's work, and all costs and expenses, including attorneys' fees incurred litigating this action;

6. On Count VI for breach of the Bond, for all damages flowing from said breach, and all costs and damages arising from Evergreen's failure to perform its obligations under the Bond, and all costs and expenses, including attorneys' fees incurred litigating this action;

7. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

American University hereby demands a trial by jury of all issues presented in the above-captioned matter.

This 21 day of November, 2007.

                                Respectfully submitted,

                                WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

                                _____
                                James S. Kurz (D.C. Bar No. 349100)
                                Virginia W. Hoptman
                                Erin L. Roberts

                                8065 Leesburg Pike, Fourth Floor
                                Tysons Corner, Virginia 22182-2738
                                Ph: 703-394-2230
                                jkurz@wcsr.com
                                vhoptman@wcsr.com
                                eroberts@wcsr.com

                                *Attorneys for Plaintiff American University*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
American University

## DEFENDANTS
Sportexe Construction Services, Inc., et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James S. Kurz
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike, 4th Floor
Vienna, VA 22182
703-790-3310

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ● M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  NW 21, 2007   SIGNATURE OF ATTORNEY OF RECORD  /s/

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.