UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| AMERICAN UNIVERSITY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:07-cv-02114 |
| | ) | |
| SPORTEXE CONSTRUCTION SERVICES, | ) | |
| INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT BY EVERGREEN NATIONAL INDEMNITY COMPANY

Defendant, Evergreen National Indemnity Company ("Evergreen"), by counsel, for its Answer to the Complaint of American University ("AU"), states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim from which relief can be granted

### SECOND DEFENSE

1. Evergreen admits AU filed the Complaint and states that the Complaint speaks for itself. Further answering, Evergreen denies it breached the Performance Bond and therefore denies the remaining allegations in paragraph 1 of the Complaint.

2. Evergreen admits the allegations in paragraph 2 of the Complaint.

3. Evergreen denies the allegations in paragraph 3 of the Complaint.

4. Evergreen denies the allegations in paragraph 4 of the Complaint.

5. Evergreen states that the Complaint speaks for itself and denies the allegations in paragraph 5 fully or accurately paraphrase the claims and damages sought in the Complaint.

Further answering, Evergreen denies the allegations of paragraph 5 to the extent that any failure by Evergreen to perform its obligations under the Performance Bond is alleged.

6. The allegations in paragraph 6 are jurisdictional in nature and require no response by Evergreen.

7. Evergreen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint.

8. Evergreen states that Insight Equity Holdings, LLC has been dismissed and these allegations therefore require no response.

9. Evergreen states that Insight Equity Holdings I, LLC has been dismissed and these allegations therefore require no response.

10. Evergreen admits the allegations in paragraph 10 of the Complaint.

11. The allegations in paragraph 11 are jurisdictional in nature and require no response by Evergreen.

12. The allegations in paragraph 12 are jurisdictional in nature and require no response by Evergreen.

13. The Insight Equity Entities have been dismissed and the allegations in paragraph 13 of the Complaint therefore require no response.

14. The Insight Equity Entities have been dismissed and the allegations in paragraph 14 of the Complaint therefore require no response.

15. The Insight Equity Entities have been dismissed and the allegations in paragraph 15 of the Complaint therefore require no response.

16. The Insight Equity Entities have been dismissed and the allegations in paragraph 16 of the Complaint therefore require no response.

17. The Insight Equity Entities have been dismissed and the allegations in paragraph 17 of the Complaint therefore require no response. Further answering, Evergreen understands the name "Sportexe" as used in the Complaint to refer only to Sportexe Construction Services, Inc.

18. Evergreen admits the allegations in paragraph 18 of the Complaint.

19. Evergreen admits the allegations in paragraph 19 of the Complaint.

20. Evergreen admits that the original Contract Sum was $1,371,735.00 and that the sum eventually increased to $1,577,960.49, not $1,576,807.86 as alleged in paragraph 20 of the Complaint.

21. Evergreen states that the Contract speaks for itself and denies that paragraph 21 fully or accurately represents the agreements of the parties and therefore denies the same.

22. Evergreen states that the Contract speaks for itself and denies that the allegations in paragraph 22 accurately paraphrase the terms of the Contract.

23. Evergreen states that the specifications speak for themselves and contain the quoted language, but deny that the allegations in paragraph 23 fully or accurately state all the requirements of the Specifications. Further answering, Evergreen affirmatively states that the condition of the subgrade was determined to be in compliance with the Specifications by Sportexe's independent inspection agency, which verification was reviewed and accepted by AU's architect as satisfactory and in compliance with the terms of the Contract.

24. Evergreen admits that paragraph 24 accurately quotes Subsection 3.06(B) of Section 02200 of the Specifications, but denies that this Subsection relates to the condition of the field or subgrade as alleged in the Complaint.

25. Evergreen admits that Sportexe subcontracted with Sports Construction Group and other subcontractors to perform aspects of the work, but denies the truth of the remaining allegations in paragraph 25 of the Complaint.

26. Evergreen admits the allegations in paragraph 26 of the Complaint.

27. Evergreen admits the allegations in paragraph 27 of the Complaint.

28. Evergreen admits paragraph 28 of the Complaint accurately quotes Section 9.2 of the Contract.

29. Evergreen admits that Sportexe provided a Manufacturer's Limited Warranty on or about October 28, 2004, which document speaks for itself, but denies that paragraph 29 fully or accurately paraphrases the terms of Manufacturer's Limited Warranty

30. Evergreen lacks sufficient information to admit or deny the allegations in paragraph 30 of the Complaint.

31. Evergreen lacks sufficient information to admit or deny the allegations in paragraph 31 of the Complaint.

32. Evergreen lacks sufficient information to admit or deny the allegations in paragraph 32 of the Complaint.

33. Evergreen lacks sufficient information to admit or deny the allegations in paragraph 33 of the Complaint.

34. Evergreen states that the Contract speaks for itself and denies that the allegations in paragraph 34 correctly paraphrases the requirements of Section 3.5.2 of the Contract.

35. Evergreen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint.

36. Evergreen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint.

37. Evergreen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint.

38. Evergreen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint.

39. Evergreen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint.

40. Evergreen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint.

41. Evergreen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Complaint.

42. Evergreen admits that it received a letter dated April 3, 2007, which letter speaks for itself, and denies the remaining allegations in paragraph 42 of the Complaint.

43. Evergreen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint.

44. Evergreen denies that it received a letter dated July 6, 2007 until the letter was later sent as an attachment to the August 31, 2007 letter referenced in paragraph 46, and therefore denies the allegations in paragraph 44 of the Complaint.

45. Evergreen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint.

46. Evergreen admits that it received a letter dated August 31, 2007, which letter speaks for itself.

47. Evergreen denies the allegations in paragraph 47 of the Complaint.

48. Evergreen denies the allegations in paragraph 48 of the Complaint.

## COUNT I
### (Breach of Contract Against Sportexe)

49. In response to the allegations in paragraph 49 of the Complaint, Evergreen incorporates here its responses to the allegations in paragraphs 1-48 of the Complaint.

50. Evergreen denies the allegations in paragraph 50 of the Complaint.

51. Evergreen denies the allegations in paragraph 51 of the Complaint.

## COUNT II
### (Negligence Against Sportexe)

52. In response to the allegations in paragraph 52 of the Complaint, Evergreen incorporates here its responses to the allegations in paragraphs 1-51 of the Complaint.

53. Evergreen denies the allegations in paragraph 53 of the Complaint.

54. Evergreen denies the allegations in paragraph 54 of the Complaint.

55. Evergreen denies the allegations in paragraph 55 of the Complaint.

## COUNT III
### (Negligent Supervision Against Sportexe)

56. In response to the allegations in paragraph 56 of the Complaint, Evergreen incorporates here its responses to the allegations in paragraphs 1-55 of the Complaint.

57. Evergreen denies the allegations in paragraph 57 of the Complaint.

58. Evergreen denies the allegations in paragraph 58 of the Complaint.

59. Evergreen denies the allegations in paragraph 59 of the Complaint.

## COUNT IV
### (Breach of Express Warranty Against Sportexe)

60. In response to the allegations in paragraph 60 of the Complaint, Evergreen incorporates here its responses to the allegations in paragraphs 1-59 of the Complaint.

61. The allegations in paragraph 61 of the Complaint relate to another defendant and require no responsive pleading by Evergreen.

62. The allegations in paragraph 62 of the Complaint relate to another defendant and require no responsive pleading by Evergreen.

63. The allegations in paragraph 63 relate to another defendant, but Evergreen denies there was any construction defect or breach of warranty respecting the Project and therefore denies the allegations in paragraph 63 of the Complaint.

64. Evergreen denies the allegations in paragraph 64 of the Complaint.

## COUNT V
### (Breach of Implied Warranty Against Sportexe)

65. In response to the allegations in paragraph 65 of the Complaint, Evergreen incorporates here its responses to the allegations in paragraph 1-64 of the Complaint.

66. The allegations in paragraph 66 relate to another defendant, but Evergreen denies that paragraph 66 accurately reflects the requirements of the Contract, which are incorporated into the Performance Bond, and therefore denies the allegations in paragraph 66 of the Complaint.

67. The allegations in paragraph 67 relate to another defendant, but Evergreen denies that a warranty was implied into the Contract or Performance Bond as alleged in paragraph 67 and therefore denies the allegations in paragraph 67 of the Complaint.

68. Evergreen denies the allegations in paragraph 68 of the Complaint.

69. Evergreen denies the allegations in paragraph 69 of the Complaint.

## COUNT VI
### (Breach of Contract Against Evergreen)

70. In response to the allegations in paragraph 70 of the Complaint, Evergreen incorporates here its responses to the allegations in paragraphs 1-69 of the Complaint.

71. Evergreen states that the Bond speaks for itself and denies that the allegations in paragraph 71 of the Complaint fully or accurately reflect the terms of the Bond.

72. Evergreen denies the allegations in paragraph 72 of the Complaint.

73. Evergreen denies the allegations in paragraph 73 of the Complaint.

74. Evergreen denies the allegations in paragraph 74 of the Complaint.

75. Evergreen denies the allegations in paragraph 75 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

AU's claims are barred by the release contained in Section 3.12.2 of the Contract, which releases Sportexe, and therefore Evergreen as Sportexe's surety, from any and all suits, actions, legal proceedings, claims, demands, liabilities, costs and expenses to the extent directly or indirectly caused by an act, omission, fault or negligence, whether passive or active, of AU, or a party acting under its direction or control or on its behalf.

### SECOND AFFIRMATIVE DEFENSE

AU is estopped from bringing its claims against Evergreen because the damage to the field was caused, directly or indirectly, by the active or passive acts, omissions, fault or negligence of AU or a party acting under its direction or control or on its behalf, including its architect and engineer, and AU is required by Section 3.12.2 of the Contract to indemnify Sportexe from all such claims, which defense is available to Evergreen as Sportexe's surety.

### THIRD AFFIRMATIVE DEFENSE

AU's claims are barred by the intervening or superseding acts, omissions, fault or negligence of AU, or a party acting for or on AU's behalf, which acts, omissions, faults, or negligence were the proximate cause of any damages sustained by AU.

### FOURTH AFFIRMATIVE DEFENSE

AU's warranty claims are barred because it failed to give timely notice as requires by the Contract.

### FIFTH AFFIRMATIVE DEFENSE

AU's claims are barred by AU's improper cleaning and maintenance of the field, including the use of improper equipment, which acts voided the warranties and/or bars recovery under the warranties.

### SIXTH AFFIRMATIVE DEFENSE

Count V of the Complaint is barred because the Contract expressly disclaims all implied warranties.

### SEVENTH AFFIRMATIVE DEFENSE

Count V of the Complaint fails to state a claim because the law implies no warranty that the turf would be laid and constructed in a manner "sufficient for the Project's intended purpose."

### EIGHTH AFFIRMATIVE DEFENSE

Counts II and III of the Complaint fail to state a claim on which relief can be granted because Sportexe and AU entered into a contractual relationship and the remedy for an alleged performance failure lies in contract, not in an action in tort.

**NINTH AFFIRMATIVE DEFENSE**

If Sportexe is found to be negligent, any damages sustained by AU are barred by AU's contributory negligence, or the contributory negligence of a party acting for or on AU's behalf.

**TENTH AFFIRMATIVE DEFENSE**

AU is estopped from bringing a claim against Evergreen because AU failed to fulfill all of the requirements of the Performance Bond, including the incorporated terms of the Contract, that would be conditions for making a demand on the Performance Bond.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2008, one copy of the foregoing Unopposed Motion for Extension of Time and Accompanying Statement of Points and Authorities was served through the Electronic Case Filing System upon the following:

James S. Kurz (D.C. Bar #349100)
Virginia W. Hoptman
Erin L. Roberts
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, Virginia 22182-2738
(703) 394-2230
*Counsel for Plaintiff American University*

　　　　　　　　　　　　　　　　　　　　　　/s